PETITION OF PIERRE BROUILLARD FOR RELIEF AS AN
INSOLVENT.

PROVIDENCE—JULY 12, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

The word "debts" in Gen. Laws R. I. cap. 274, § 50, "Of Insolvency," is used in its generic and not in its legal sense, and includes all claims against the insolvent which may be proved under § 28 of the same chapter.

The statutory expression "provable debts" includes any claims "growing out of trover, replevin, or any tort," and hence an action of trespass on the case, for deceit in obtaining goods, pending against a voluntary insolvent cannot prevent him from obtaining his discharge in a case where he made no false statement in writing to secure credit for the goods, and where the plaintiff in such action has proved his claim against the insolvent estate.

INSOLVENCY. Heard on demurrer to objections filed in opposition to a petition for a discharge by a voluntary insolvent.

TILLINGHAST, J. The Armour Packing Company, a corporation, objects to the discharge of the petitioner on the ground that he committed fraud in the contracting of a debt owing by him to said company.

It appears by the record before us that said corporation, on the 11th day of October, 1897, brought an action of trespass on the case, for deceit, against the petitioner, alleging in its declaration that on the 20th day of September, 1897, and on divers other days between said day and the commencement of said action, the defendant, intending to deceive and defraud the plaintiff, bought upon credit and received from the plaintiff divers goods and chattels of the value of $458.94, he then and there intending not to pay for

the same, but intending to cheat the plaintiff out of the value thereof. And the plaintiff avers that the defendant in that case (the present petitioner) was, to his own knowledge, insolvent and unable to pay for said goods at the time of the purchase thereof, and that thereafterwards, on the 5th day of October, 1897, he failed and made an assignment for the benefit of his creditors.

It also appears that said action is now pending in this court, and that no trial thereof has yet been had and no judgment rendered therein; that after the bringing of said action the said Brouillard filed his petition in insolvency and that thereafterwards the said corporation made proof of its said claim against the petitioner in the insolvency proceedings.

In view of these facts the petitioner demurs to said objections to his discharge, on the ground that the matter alleged therein is insufficient in law to prevent him from obtaining the same.

We think the demurrer should be sustained. Gen. Laws R. I. cap. 274, § 28, provides, amongst other things, that any claims "growing out of trover, replevin, or any tort" may be proved against an insolvent; and section 50[1] of the same chapter provides that a discharge in insolvency shall release an insolvent from all his "provable debts." We think the term "provable debts," as used in said section 50, should be construed to include all claims against the insolvent which may be proved under said section 28, the word "debts" evidently being used in its generic and not in its strict legal sense. In other words, the word "debts" should be understood and taken in its popular meaning, which is synonymous with "claims." This was the view taken by this court in *Stokes & Leonard* v. *Mason*, 10 R. I. 261, where a similar provision of the National Bankruptcy Act was considered.

---

[1] SEC. 50. A discharge in insolvency shall release an insolvent from all his provable debts due to citizens of this state, and from all the provable debts due to all other persons who shall have become parties to the proceedings by proving their claims as herein provided, except to such as have priority as provided in section fifty-eight of this chapter.

See also *Brown* v. *Lamb*, 6 Met. 210. The word "debt," says Burrill, in his law dictionary, "is of large import, including not only debts of record or judgment, and debts by specialty, but also obligations arising under simple contract, to a very wide extent, and in its popular sense includes all that is due to a man under any form of obligation or promise." See also *Frazer* v. *Tunis*, 1 Binn. 253; *Bide* v. *Harrison*, L. R. 17 Eq. 76; 5 Am. & Eng. Ency. L. 143 *et seq.*

In *Manning* v. *Keyes*, 9 R. I. 224, it was held that a judgment in an action of trespass for assault and battery was dischargeable under the National Bankruptcy Act of 1867.

As the declaration aforesaid does not show that any false statement in writing concerning his financial condition was made in connection with the obtaining of the credit for the goods sold as aforesaid, we fail to see how the plaintiff in that action can prevent the petitioner from obtaining his discharge.

Demurrer sustained.

*Dexter B. Potter*, for petitioner.
*Irving Champlin*, for opponent.